## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
### www.flsb.uscourts.gov

In re:

|  |  |
|---|---|
|  | Case No. 10-11265-BKC-JKO |
| SOCA IMAGING, INC., | Chapter 7 Cases |
| NAVIX IMAGING, INC. | (Jointly Administered) |

      Debtor.

_____/

LESLIE S. OSBORNE, CHAPTER 7 TRUSTEE;

                                         Adv. No. 11-02658-BKC-JKO

      Plaintiff,

      v.

MILES GILMAN, SOCA SERVICES, INC., and
SOCA PROPERTIES, LLC,

         Defendants.

_____/

### PLAINTIFF'S NOTICE OF FILING TRUSTEE'S MOTION TO APPROVE AGREEMENT TO COMPROMISE CONTROVERSY BETWEEN (I) TRUSTEE; (II) MILES GILMAN; (III) SOCA SERVICES, INC.; AND (IV) SOCA PROPERTIES, LLC

       Plaintiff, Leslie S. Osborne, Chapter 7 Trustee ("Plaintiff"), by and through undersigned

counsel, files the attached *Trustee's Motion to Approve Agreement to Compromise Controversy*

*Between (I) Trustee; (II) Miles Gilman; (III) Soca Services, Inc. and (IV) Soca Properties, LLC*

(the "Motion") [Main Case ECF# 770], which was filed in the main case (Case No. 10-11265-

BKC-JKO) on June 12, 2013.   The attached motion is being filed in this adversary proceeding in

accordance with Local Rule 9019-1.

       **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this

12th day of June, 2013, by electronic transmission through the Court's CM/ECF system upon all

parties on the attached CM/ECF Service List.

BERGER SINGERMAN LLP
Attorneys for Plaintiff
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872

By: /s/  Leslie Gern Cloyd
      Leslie Gern Cloyd
      Florida Bar No. 303305
      *lcloyd@bergersingerman.com*

## CM/ECF SERVICE LIST

Leslie Gern Cloyd, Esq. on behalf of Plaintiff Leslie S. Osborne
lcloyd@bergersingerman.com,
kgoins@bergersingerman.com;mnewland@bergersingerman.com;efile@bergersingerman.com;k
beck@bergersingerman.com

Alan C Gold on behalf of Counter-Claimant Soca Properties, LLC
agold@acgoldlaw.com, nmsamry@aol.com;jparado@acgoldlaw.com

Alan C Gold on behalf of Counter-Claimant Soca Services, Inc.
agold@acgoldlaw.com, nmsamry@aol.com;jparado@acgoldlaw.com

Alan C Gold on behalf of Counter-Claimant Miles Gilman
agold@acgoldlaw.com, nmsamry@aol.com;jparado@acgoldlaw.com

Alan C Gold on behalf of Defendant Soca Properties, LLC
agold@acgoldlaw.com, nmsamry@aol.com;jparado@acgoldlaw.com

Alan C Gold on behalf of Defendant Soca Services, Inc.
agold@acgoldlaw.com, nmsamry@aol.com;jparado@acgoldlaw.com

Alan C Gold on behalf of Defendant Miles Gilman
agold@acgoldlaw.com, nmsamry@aol.com;jparado@acgoldlaw.com

Michael H Moody on behalf of Plaintiff Leslie S. Osborne
mmoody@bergersingerman.com, efile@bergersingerman.com;bwalter@bergersingerman.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

SOCA IMAGING, INC.,
NAVIX IMAGING, INC.

     Debtor.

_____/

Case No. 10-11265-BKC-JKO
Chapter 7 Cases
(Jointly Administered)

**TRUSTEE'S MOTION TO APPROVE AGREEMENT TO COMPROMISE**
**CONTROVERSY BETWEEN (I) TRUSTEE; (II) MILES GILMAN; (III) SOCA**
**SERVICES, INC.; AND (IV) SOCA PROPERTIES, LLC**

| **NOTICE** |
| --- |
| **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion.  Any scheduled hearing may then be canceled.** |

Leslie S. Osborne, the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Soca Imaging, Inc. and Navix Imaging, Inc. (collectively, the "Debtors" or the "Estates"), by and through undersigned counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Trustee's Motion to Approve Agreement to Compromise Controversy Between (I) Trustee; (II) Miles Gilman; (III) Soca Services, Inc.; and (IV) Soca Properties, LLC* (the "Motion"), seeking approval of a compromise and settlement between (i) the Trustee; and (ii) Miles Gilman; Soca Services, Inc. and Soca Properties, LLC (collectively, "Soca," and, together with the Trustee, "the Parties"), and in support states:

## Background

1.      On January 21, 2010 (the "Petition Date"), the Debtors, Soca Imaging, Inc. and Navix Imaging, Inc. filed Voluntary Petitions under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.      On January 27, 2010, the Court entered an Order jointly administering the Chapter 11 cases of the Debtors under the lead case number of Soca Imaging, Inc.; Case No. 10-11265 [ECF# 22].

3.      On April 28, 2010, Leslie S. Osborne was appointed as Chapter 11 Trustee of the Debtors' estates [ECF# 192].

4.      On September 13, 2010, the Debtors' Chapter 11 cases were converted to cases under Chapter 7 [ECF# 440].

5.      On September 16, 2010, the Office of the United States Trustee appointed Leslie S. Osborne as the Chapter 7 Trustee of the Debtors' estates [ECF# 443].

6.      On May 17, 2013, the Court entered an order substantively consolidating the Debtors' estates [ECF# 767].

7.      On October 14, 2011, the Trustee commenced an adversary proceeding against Miles Gilman, Soca Services, Inc. and Soca Properties, LLC (the "Defendants"), by the filing of a *Complaint* (the "Complaint"), in the case captioned *Leslie S. Osborne, Chapter 7 Trustee v. Miles Gilman, Soca Services, Inc. and Soca Properties, LLC*, Adv. No. 11-02658-JKO (the "Adversary Proceeding"), for the avoidance of preferential transfers pursuant to 11 U.S.C. § 547; for the recovery of property pursuant to 11 U.S.C. § 550; for the avoidance of fraudulent transfers pursuant to Sections 726.105, 726.106(1) and 726.106(2) of the Florida Statutes, and 11 U.S.C. § 548; for turnover and an accounting; for breach of fiduciary duty, for piercing the corporate veil and an objection to and/or equitable subordination of claims.

8.     On May 18, 2012, the Trustee amended the Complaint (the "Amended Complaint"), thereby including additional allegations against the Defendants.

9.     The Trustee seeks avoidance of fraudulent transfers and alleged preferential transfers totaling in excess of $1,000,000.

10.     The Defendants deny that the Trustee is entitled to any recovery and instead assert that they have both procedural and substantive defenses which, they believe, completely eliminate any liability to the Trustee or the estates.

**Settlement and Compromise**

11.     On June 12, 2013, the Parties have executed an *Agreement to Compromise Controversy* (the "Agreement"), a copy of which is attached hereto as **Exhibit "A,"** and which is subject to the approval of this Court after notice to all creditors and interested parties.

12.      By this Motion, the Parties seek to resolve the Adversary Proceeding and all other disputes between them, upon the following terms and conditions as set forth in the Agreement:

(a)     In consideration for the Trustee's release and the Estates' release of any and all claims that they may have against the Defendants, including, but not limited to any claims that have been alleged or that could be alleged in the Adversary Proceeding, and including, but not limited to any and all potential preference claims or fraudulent conveyance claims, the Defendants shall pay to the Trustee the sum of Two Hundred Ninety Thousand Dollars ($290,000.00) (the "Settlement Payment"), which sum shall be paid as follows:

(b)     Initial payment of $45,000.00 (the "Initial Payment") to be paid by the Defendants to the Trustee, upon the earlier of twenty (20) days from the execution of the Agreement, or within five (5) days from the entry of an Order approving the Agreement.  The

Initial Payment shall be made payable to Markowitz Ringel Trusty & Hartog Trust Account, delivered to settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall be held in the escrow account of Markowitz Ringel Trusty & Hartog until the entry of an order approving the Agreement, whereupon it shall be delivered to the Trustee;

(c)     The balance of $245,000.00 (the "Remaining Payments") shall be paid in six (6) monthly increments commencing July 1, 2013, with the July 1, 2013 increment at $45,000.00 and the remaining five (5) increments being at $40,000.00 each, beginning on August 1, 2013, and continuing each month thereafter on the 1st day of the month until all amounts are paid in full;

(d)     Until there is the entry of an order approving the Agreement, each of the Remaining Payments shall be made payable to Markowitz Ringel Trusty & Hartog Trust Account, delivered to settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall be held in the escrow account of Markowitz Ringel Trusty & Hartog until the entry of an order approving the Agreement, whereupon it shall be delivered to the Trustee;

(e)     Upon the entry of an order approving the Agreement, the Remaining Payments shall be made payable to Leslie S. Osborne, Trustee in Bankruptcy for Soca Imaging, Inc. and Soca Properties, LLC, and forwarded to him, c/o Rappaport, Osborne & Rappaport, PL, 1300 N. Federal Highway, Boca Raton, FL 33432;

(f)     In the event the Court denies the request to approve the Agreement, then the Agreement will be null and void and all monies paid to the Markowitz Ringel Trusty & Hartog Trust Account shall be returned to Miles Gilman;

5004594-1                                           4

(g)     Should the Defendants default on timely making the Initial Payment or any of the Remaining Payments, the Trustee shall be entitled to a judgment of $1,350,000.00, less any payments made pursuant to the Agreement as against all Defendants.  Prior to the Trustee being entitled to a judgment against all Defendants, the Trustee shall give all Defendants written notice and a fifteen-day opportunity to cure.  In the event the Trustee gives notice of default pursuant to the Agreement, the Defendants shall pay the Trustee the sum of $500.00 in addition to the payment(s) due within the cure period, or the Trustee will be entitled to the aforementioned judgment;

(h)     Miles Gilman, Soca Services, Inc. and Soca Properties, LLC, and any affiliates, waive any and all claims each may have against the Estate, and shall not be entitled to any distribution on account of any scheduled or filed claims;

(i)     Within ten (10) days from receipt of the Settlement Payment from the Defendants, in good and cleared funds, the Trustee shall file a stipulation of dismissal with the Court, thereby dismissing the Defendants, with prejudice, from the Adversary Proceeding, subject to the compliance with the terms of the Agreement;

13.     The Agreement is subject to approval by the Court.  In the event that the Court declines to approve the entire Agreement, such disapproval shall terminate the Agreement and the Parties shall retain each of their rights as existed prior to the execution of the Agreement.  In the event that the Bankruptcy Court alters the Agreement, the Parties may elect (i) to proceed with the Agreement, as modified, or (ii) terminate the Agreement and retain each of their rights that existed prior to the execution of the Agreement.

14.     The release of Defendants by the Trustee  and the Estate is a general release and except for the obligations contained in the Agreement, shall include, without limitation, all

obligations, promises, covenants, agreements, contracts, endorsements, controversies, suits, actions, causes of action, rights of action, trespasses, variances, judgments, executions, damages, claims, demands, rights, charges, encumbrances or liens of any kind or sort whatsoever or howsoever or whenever arising, in law or in equity, whether known or unknown, whether liquidated or unliquidated, and whether in tort or in contract. This release by the Trustee shall also apply to Defendants' past, present and future officers, directors, managers, members stockholders, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, heirs and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated (the "Released Parties").  The Released Parties hereby release the Trustee to the same degree and scope.  Any party to the Agreement may obtain a separate, executed document memorializing such release upon request to a releasing party, but no such separate document is required for the release to be effective.

15.    Each party shall bear its own fees and costs.  However, it is agreed that in the event of any breach of, or non-compliance with the Agreement resulting in such judicial proceeding, the prevailing party, in addition to any other relief awarded, shall be entitled to recover from the breaching party the prevailing party's reasonable attorneys' fees and costs incurred as a result of a breach of the Agreement.

16.    Neither the Agreement nor anything contained therein shall constitute or is intended to be construed as an admission by any of the Parties hereto of any liability, wrongdoing or unlawful conduct.  The Parties acknowledge that the Agreement has been entered into by them to avoid the cost and expense associated with the resolution of disputed matters and

agree that nothing contained herein constitutes or may be argued by any party to be an admission of liability or wrongdoing by any party hereto.

17.     The Trustee believes that the Agreement is in the best interests of the Estates, the Debtors' creditors and the Defendants.

18.     The Stipulation represents a compromise and settlement that resolves the Trustee's claims to recover preferential and fraudulent transfers amicably without the concomitant costs associated with further litigating such matters.

## Legal Analysis

19.     The Trustee seeks approval of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

20.     Rule 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement of a claim.  The decision of whether or not to approve a compromise is within the sound discretion of the court. *In re Carson*, 82 B.R. 847 (Bankr. S.D. Ohio 1987); *In re Mobile Air Drilling Co.*, 53 B.R. 605 (Bankr. N.D. Ohio 1985).

21.     In passing on proposed settlements, the standard that courts applied under the former Bankruptcy Act is the same standard as courts should apply under the Bankruptcy Code. *In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984). As stated by the United States Supreme Court in *Protective Committee v. Anderson*, 300 U.S. 414 (1968), under the Act, to approve a proposed settlement, a court must find that the settlement was "fair and equitable" based on an educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *Protective Committee*, 300 U.S. at 424.

22.     This test was adopted by the Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), which provides additional guidance as to whether a compromise should be approved. *Justice Oaks* established a four-part test for approval:

    (a)    The probability of success in litigation;

    (b)    The difficulties, if any, to be encountered in the matter of collection;

    (c)    The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

    (d)    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

23.     The Agreement satisfies the *Justice Oaks* standard.

24.     Applying the foregoing, the terms of the Agreement satisfies that four-part test relating to the Rule 9019 request. The Trustee believes that notwithstanding the likelihood of success in potential litigation, the expense, inconvenience and delay that would be caused by litigating and the uncertainty of the collection of the monies owed would not be in the best interests of the Estate. Therefore, it is the belief of the Trustee that after full and careful consideration of the merits of the Trustee's claims, settlement of the claims pursuant to the terms set forth herein and in the Agreement would be in the best interests of the Estate.

25.     Additionally, counsel for the Trustee is mindful of the additional administrative expenses that will be incurred in the event that the settlement is not approved. The Trustee believes that resolution of the above-referenced matters in the manner set forth herein and in the Agreement is reasonable and falls well within the range of reasonableness as required by Rule 9019 of the Federal Rules of Bankruptcy Procedure and applicable law.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order in the form attached hereto as **Exhibit "B"**:

(i)        Granting this Motion;

(ii)       Authorizing the compromise and settlement as set forth herein, in the event that no written objections are filed within the time prescribed by Local Rule 9013-1(D); and

(iii)      Granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 12th day of June, 2013, via electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List; and via first class, U.S. Mail upon all parties on the attached Court matrix.

Dated:  June 12, 2013                    Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for the Trustee*
350 East Las Olas Blvd, Suite 1000
Fort Lauderdale, FL  33301
Telephone No.  (954) 525-9900
Facsimile No.  (954) 523-2872

By: ___*/s/ Leslie Gern Cloyd*_____
       Leslie Gern Cloyd
       Florida Bar No. 303305
       lcloyd@bergersingerman.com

## CM/ECF SERVICE LIST

Vincent F Alexander on behalf of Creditor Armrad, Inc., vfa@kttlaw.com, lf@kttlaw.com

Alan R Barbee, ecf@marcumllp.com

Becket and Lee LLP, Esq on behalf of Creditor American Express Centurion Bank
notices@becket-lee.com

Eyal Berger, Esq. on behalf of Creditor Colonial Pacific Leasing Corporation
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Noel R Boeke, Esq on behalf of Other Professional Dresnick Healthcare Advisors, LLC
noel.boeke@hklaw.com, wendysue.henry@hklaw.com

Jacqueline Calderin, Esq. on behalf of Creditor Siemens Financial Services, Inc.
jc@ecclegal.com,
bankruptcy@ecclegal.com;nsocorro@ecclegal.com;ecala@ecclegal.com;jbetancourt@ecclegal.c
om

Darol H M Carr on behalf of Creditor Murdock Village Health Centers, LLC
cenos@farr.com, dcarr@farr.com

Francis L. Carter, Esq. on behalf of Creditor Katz Barron Squitero Faust
flc@katzbarron.com, lcf@katzbarron.com

Leslie Gern Cloyd, Esq. on behalf of Trustee Leslie S. Osborne
lcloyd@bergersingerman.com,
kgoins@bergersingerman.com;mnewland@bergersingerman.com;efile@bergersingerman.com;k
beck@bergersingerman.com

Gordon A Dieterle, Esq on behalf of Creditor Highland Capital Corp.
gad@mdd-law.com, hsl@mdd-law.com;jlp@mdd-law.com

Brett A Elam, Esq. on behalf of Defendant Heart of Florida Cardiology, PA
belam@brettelamlaw.com,
info@brettelamlaw.com;jane@brettelamlaw.com;amanda@brettelamlaw.com

Manuel Farach, Esq. on behalf of Defendant Bruce Jeffrey Stratt, MD
mfarach@richmangreer.com, cfeld@richmangreer.com

Larry M Foyle, Esq on behalf of Creditor GE Walker, Inc.
bankruptcynotices@kasslaw.com

Lynn H. Gelman, Esq on behalf of Attorney Lynn Gelman
lynngelman@bellsouth.net

Robert B. Glenn, Esq on behalf of Creditor The Olympiad Partnership, LLP
rglenn@glennrasmussen.com, dmills@glennrasmussen.com

Alan C Gold on behalf of Counter-Claimant Soca Properties, LLC
agold@acgoldlaw.com, nmsamry@aol.com;jparado@acgoldlaw.com

Daniel L. Gold, Esq. on behalf of Creditor Philips Medical Capital, LLC
dgold@ecccounsel.com,
bankruptcy@ecclegal.com;nsocorro@ecclegal.com;ecala@ecclegal.com;jbetancourt@ecclegal.c
om

Alvin S. Goldstein, Esq on behalf of Creditor Boinis Associates, Ltd.
mmitchell@furrcohen.com

Hollie N Hawn, Esq on behalf of Creditor Broward County Records,Taxes & Treasury
hhawn@broward.org

John L. Heller
john.heller@marcumllp.com, fl03@ecfcbis.com

Kenneth M Jones, Esq on behalf of Creditor Ford Motor Credit Company LLC
kjones@moodyjones.com

Tarek K Kiem on behalf of Trustee Leslie Osborne
rappaport@kennethrappaportlawoffice.com,
tarek@kennethrappaportlawoffice.com;tarek.kiem@gmail.com

Robert M Klein on behalf of Defendant Jeffrey S Bisker, MD, et al.
kleinr@kgplp.com, montanem@kgplp.com;piersonj@kgplp.com

Evan B Klinek, Esq on behalf of Creditor Linda Risden, et al.
evan.klinek@gmlaw.com, liz.drass@gmlaw.com

Roger H. Miller, III on behalf of Creditor Murdock Village Health Centers, LLC
rmiller@farr.com, sfaircloth@farr.com

Michael H Moody on behalf of Plaintiff Leslie S. Osborne
mmoody@bergersingerman.com, efile@bergersingerman.com;bwalter@bergersingerman.com

Robert J. Nader on behalf of Creditor Colonial Pacific Leasing Corporation, et al.
rjn@naderlawfl.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

5004594-1                                                11

Leslie S Osborne
osbornetrustee@kennethrappaportlawoffice.com,
lso@trustesolutions.com;lo@trustesolutions.net, rappaport@kennethrappaportlawoffice.com

Joshua C Prever on behalf of Creditor Philips Healthcare
jprever@morganlewis.com, rbrochin@morganlewis.com;pmartinez@morganlewis.com

Jordan L Rappaport, Esq on behalf of Trustee Leslie Osborne
rappaport@kennethrappaportlawoffice.com

Edwin G. Rice on behalf of Creditor The Olympiad Partnership, LLP
erice@glennrasmussen.com, ddecker@glennrasmussen.com

Ariel Rodriguez on behalf of U.S. Trustee Office of the US Trustee
ariel.rodriguez@usdoj.gov

Raymond J Rotella on behalf of Creditor I-O Trak
rrotella@kostoandrotella.com, dmeyer@kostoandrotella.com

Joey E Schlosberg on behalf of Defendant Staff Care
joey.schlosberg@arlaw.com, katie.takas@arlaw.com

Michael L Schuster on behalf of Creditor Cardinal Health 414, LLC
mschuster@gjb-law.com, gjbecf@gjb-law.com

Zach B Shelomith on behalf of Interested Party Neil J Berman
zshelomith@lslawfirm.net, apopowitz@lslawfirm.net;cderby@lslawfirm.net

Maureen Vitucci, Esq on behalf of Creditor SunTrust Bank
mvitucci@gray-robinson.com, alicen.rouse@gray-robinson.com

Audrey B Williams on behalf of Creditor United States Dept of Health and Human Services, et
al.; audrey.williams@hhs.gov

Joel C Zwemer, Esq on behalf of Creditor South Bay Radiology, Inc., et al.
jzwemer@deanmead.com

**Soca Imaging, Inc.**
**Matrix (Claims Register and**
**Appearances) as of 6/15/12**

Medical & Commercial Cleaning
3240 Herons Point Circle
Suite A
Kissimmee, FL 34741

Teman MD, Allen
9750 N.W. 33 St.
#207
Pompano Beach, FL 33065

Charlotte County Chamber
2702 Tamiami Trail
Port Charlotte, FL 33952

Barton & Associates, Inc.
10 Dearborn Rd
Peabody MA 01960

Energy Air, Inc
5401 Energy Air Court
Orlando, FL 32810

Shamrock Scientific
34 Davis Drive
P.O. Box 143
Bellwood, IL 60104

Intermed Nuc Med, Inc.
13351 Progress Blvd
Alachua, FL 32615

Accumed Engineering
7891 West Flagler St.
#175
Miami, FL 33144

Seminole County Tax Collector
c/o Ray Valdes
1101 E 1st St
POB 630
Sanford FL 32772

Armchem
3563 N.W. 53rd Court
Fort Lauderdale, FL 33309

American Sign Language Svcs
3700 Commerce Blvd
#216
Kissimmee, FL 34741

Stephen Edelstein MD PA
Stephen Edelstein MD
7046 NW 127 Way
Parkland, FL 33076

Priority Healthcare Dist. Inc.
P.O. Box 533307
Charlotte, NC 28290

Matthew S. Welch
Kinsey Vincent Pyle, P.L.
150 S Palmetto Ave #300
Daytona Beach FL 32114

Advantage Medical Electronics
1700 Pennsylvania Pl
Mobile AL 36695

American Medical Supp & Equip
8361 N.W. 36th St.
Miami, FL 33166

General Injectables & Vaccines
POB 9
Bastian, VA 24314

Alliance Healthcare Service
P.O. Box 6600
Newport Beach CA 92658

Charlotte City Tax Collector
18500 Murdock Circle
Port Charlotte, FL 33948

GE Walker, Inc.
3502 C. Queen Aplm Drive
Tampa, FL 33619

Dorothy Horley
2682 Arron Court
Kissimmee, FL 34744

Darlene Lowe
9584 N.E. Williams Ave
Arcadia, FL 34266

Randall F Dunn
2211 Bermida St.
Punta Gorda, FL 33980

Highland Capital Corp.
c/o Gordon A. Dieterle, Esquire
McClosky, D'Anna & Dieterle, LLP
2300 Glades Rd., #400 East
Boca Raton, FL 33431

The Rawlings Co
POB 2000
La Grange KY 40031

Lyon Financial Services, Inc.
c/o Edward J. O'Sheehan, Esq.
Shutts & Bowen LLP
200 East Broward Blvd., Suite 2100
Fort Lauderdale, FL 33301

Ruth Contez
3336 Apache Lane
Pompano Beach, FL 33063

Alliance Health Care Services
c/o George T Gost
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd 12 Fl
Encino, CA 91436

Indian River Radiology
Alan M. Fisher
825 S IS Highway 1 #310
Jupiter FL 33477

I-O Trak
P.O. Box 540149
Orlando, FL 32854

Sunrise X-Ray, Inc.
6175 N.W. 167th St.
Suite G-34
Hialeah, FL 33015

Image First
P.O. Box 18139
Clearwater, FL 33762

General Electric Capital Corporation
c/o Robert J. Nader, Esquire
1509 West Swann Avenue, Suite 235
Tampa, FL 33606

A Linen Collection
2400 Dinneen Ave
Orlando, FL 32804-4206

Cardinal Health 414, LLC
Attn: Debra Willet
7000 Cardinal Pl
Dublin, OH 43017

Coeur Inc. Lockbox
P.O. Box 809026
Chicago, IL 60680

Sourceone Healthcare
P.O. Box 8004
Mentor, OH 44061

Siemens Financial Services, Inc.
c/o Angela Z. Miller, Esq.
Phillips Lytle LLP
3400 HSBC Center
Buffalo, NY 14203

South Bay Radiology
9007 Shawn Park Place
Orlando, FL 32819

Philips Healthcare f/k/a Philips Medical
Systems N
c/o Joshua Prever
Morgan Lewis & Lewis
200 S. Biscayne Boulevard, Suite 5300
Miami, FL 33131

The Olympiad Partnership, LLP
c/o Robert B. Glenn
Edwin G. Rice
Glenn Rasmussen Fogarty & Hooker, P.A.
100 S. Ashley Drive, Suite 1300
Tampa, FL 33602

Miles Gilman
3769 Stewart Avenue
Coconut Grove, FL 33133

Soca Services, Inc.
3769 Stewart Avenue
Miami, FL 33133

Soca Properties, LLC
c/o Francis L. Carter
Katz Barron Squitero Faust
2699 S. Bayshore Drive, 7th Floor
Miami, FL 33133

AT&T Corp
Attorney James Grudus Esq
AT&T Inc
1 AT&T Way, Room 3A218

Joe Ford Jacobs MD
6602 N Clark
Chicago IL 60626

Henry B Floyd IV, MD
3158 Tala Loop
Longwood, FL 32779

Mallah Furman & Company
1001 Brickell Bay Dr #1400
Miami FL 33131

Mark Weisser Productions Inc.
85 E 9 Ct
Hialeah FL 33010

All Star Printing
2955 N Powerline Rd
Pompano Beach, FL 33069

Murdock Village Health Centers, LLC
c/o Darol H. Carr
99 Nesbit St
Punta Gorda, FL 33950

Evelyn Gardner
954 Dobell Terrace N.W.
Port Charlotte, FL 33948

U.S. Yellow
P.O. Box 3110
Jersey City, NJ 07303

Dove Data Product
P.O. Box 6106
Florence, SC 29505

Geiger Florida
P.O. Box 712144
Cincinnati, OH 45271

United States Trustee (ADMINISTRATIVE)
51 SW 1 Ave., Room 1204
Miami, FL 33130

South Florida Medical Systems, Corp
9763 Quinn Ct
Wellington, FL 33414

Super Media fka Idearc Media
5601 Executive Dr
Irving TX 75038

Ellyse Ecksel
2635 Stonehill Dr
Cumming, GA 30041

Sheila Dayton
c/o Michael L Beckman
6350 Presidential Ct # A
Fort Myers FL 33919

Elena J Costales
12816 Fish Ln
Clermont FL 34711

IBA Molecular
Coface North America, Inc.
50 Millstone Rd., Bldg. 100, Ste. 360
East Windsor, NJ 08520

Toni Givens
676 John Hancock Ln
W Melbourne FL 32904-7508

USA Mobility Wireless, Inc.
P.O. Box 660770
Dallas, TX 75266

Patsy Heffner, CFC
Osceola Co. tax Collector
P.O. Box 422105
Kissimmee, FL 34742

Parts Source, LLC
North America Imaging
777 Lena Drive
Aurora, OH 44202

Bruce J. Stratt, M.D.
17553 MiddleBrook Way
Boca Raton, FL 33496

Triad Isotopes Inc
c/o Kosto & Rotella
619 E Washington St
Orlando FL 32801

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

**<u>EXHIBIT "A"</u>**

## AGREEMENT TO COMPROMISE CONTROVERSY

This Agreement to Compromise Controversy ("Agreement") is entered into by and between LESLIE S. OSBORNE, AS CHAPTER 7 TRUSTEE (the "Trustee") FOR THE ESTATES OF SOCA IMAGING, INC. and NAVIX IMAGING, INC. (collectively, the "Estates"), on the one hand, and MILES GILMAN, SOCA SERVICES, INC. and SOCA PROPERTIES, LLC (collectively, the "Defendants"), on the other hand.  The Trustee and Soca are referred to, collectively, as the "Parties."

### Recitals

**WHEREAS**, the Trustee is the trustee in the Estate's Chapter 7 case, Case No. 10-11265-BKC-JKO (the "Bankruptcy Proceeding"); and

**WHEREAS**, on October 14, 2011, the Trustee commenced an adversary proceeding against Miles Gilman, Soca Services, Inc. and Soca Properties, LLC, by the filing of a *Complaint* (the "Complaint"), in the case captioned *Leslie S. Osborne, Chapter 7 Trustee v. Miles Gilman, Soca Services, Inc. and Soca Properties, LLC*, Adv. No. 11-02658-JKO (the "Adversary Proceeding"), for the avoidance of preferential transfers pursuant to 11 U.S.C. § 547; for the recovery of property pursuant to 11 U.S.C. § 550; for the avoidance of fraudulent transfers pursuant to Sections 726.105, 726.106(1) and 726.106(2) of the Florida Statutes, and 11 U.S.C. § 548; for turnover and an accounting; for breach of fiduciary duty, for piercing the corporate veil and an objection to and/or equitable subordination of claims.

**WHEREAS**, on May 18, 2012, the Trustee amended the Complaint (the "Amended Complaint"), thereby including additional allegations against the Defendants;

**WHEREAS**, in the Amended Complaint, the Trustee seeks avoidance of certain alleged preferential transfers; and

WHEREAS, in the Amended Complaint, the Trustee seeks avoidance of preferential and fraudulent transfers; and

WHEREAS, the Defendants deny that the Trustee is entitled to any recovery and instead assert that they have both procedural and substantive defenses which, they believe, completely eliminate any liability to the Trustee or the Estate; and

WHEREAS, the Parties desire to resolve, compromise and settle their dispute without any party or person admitting any liability whatsoever to any other party or person.

NOW THEREFORE, for good and valuable consideration, the receipt and adequacy of which is acknowledged by each of the parties to this Agreement and Release, and each party intending to be bound thereby, it is agreed as follows:

<u>**Terms and Conditions**</u>

1.      **Incorporation of Recitals.**  The foregoing Recitals are incorporated by reference.

2.      **Consideration.**  In consideration for the Trustee's release and the Estate's release of any and all claims that they may have against the Defendants, including, but not limited to any claims that have been alleged or that could be alleged in the Adversary Proceeding, and including, but not limited to any and all potential preference claims or fraudulent conveyance claims, the Defendants shall pay to the Trustee the sum of Two Hundred Ninety Thousand Dollars ($290,000.00) (the "Settlement Payment"), which sum shall be paid as follows:

(a)      Initial payment of $45,000.00 (the "Initial Payment") to be paid by the Defendants to the Trustee, upon the earlier of twenty (20) days from the execution of this Agreement, or within five (5) days from the entry of an Order approving this Agreement.  The Initial Payment shall be made payable to  Markowitz Ringel Trusty & Hartog Trust Account and delivered to Settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall

2

be held in the escrow account of Markowitz Ringel Trusty & Hartog until the entry of an order approving this Agreement, whereupon it shall be delivered to the Trustee;

(b)      The balance of $245,000.00 (the "Remaining Payments") shall be paid in six (6) monthly increments commencing July 1, 2013, with the July 1, 2013 increment at $45,000.00 and the remaining five (5) increments being at $40,000.00 each, beginning on August 1, 2013, and continuing each month thereafter on the 1st day of the month until all amounts are paid in full;

(c)      Until there is the entry of an order approving this settlement each of the Remaining payments shall be made payable to Markowitz Ringel Trusty & Hartog Trust Account and delivered to Settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall be held in the escrow account of Markowitz Ringel Trusty & Hartog until the entry of an order approving this Agreement, whereupon it shall be delivered to the Trustee;

(d)      Upon the entry of an order approving this Agreement, the Remaining Payments shall be made payable to Leslie S. Osborne, Trustee in Bankruptcy for Soca Imaging, Inc. and Soca Properties, LLC, and forwarded to him, c/o Rappaport, Osborne & Rappaport, PL, 1300 N. Federal Highway, Boca Raton, FL 33432;

(e)      In the event the court denies the request to approve this Agreement, then this Agreement will be null and void and all monies paid to the Markowitz Ringel Trusty & Hartog Trust Account shall be returned to Miles Gilman.  The Trustee shall promptly file a motion for approval of this Agreement.

(f)      Should the Defendants default on timely making the Initial Payment or any of the Remaining Payments, the Trustee shall be entitled to a judgment of $1,350,000.00,

3

less any payments made pursuant to this Agreement as against all Defendants.   Prior to the Trustee being entitled to a judgment against all Defendants, the Trustee shall give all Defendants written notice and a fifteen-day opportunity to cure.   In the event the Trustee gives notice of default pursuant to this Agreement, the Defendants shall pay the Trustee $500.00 in addition to the payment(s) due within the cure period.   or the Trustee will be entitled to the aforementioned judgment ;

(g)      Miles Gilman, Soca Services, Inc. and Soca Properties, LLC, and any affiliates, waive any and all claims each may have against the Estate, and shall not be entitled to any distribution on account of any scheduled or filed claims;

3.      **Dismissal of the Adversary Proceeding.**   Within ten (10) days from receipt of the Settlement Payment from the Defendants, in good and cleared funds, the Trustee shall file an Agreement of dismissal with the Court, thereby dismissing the Defendants, with prejudice, from the Adversary Proceeding, subject to the compliance of the terms of this Agreement.

4.      **Representations and Warranties.**   Each of the parties hereby represents and warrants to the other that:

(a)      Each has the right, legal capacity, and authority to enter into and perform their obligations under this Agreement and the matters contemplated hereby;

(b)      No party has assigned, transferred or otherwise conveyed to any other person any right, title or interest that they may have (i) against the other party or parties or (ii) in this Agreement; and

(c)      Each has had ample time to consult with, and, in fact, has consulted with, independent counsel prior to the execution of this Agreement.

4

(d)     Each represents that, after thorough consultation with independent counsel of choice, it fully understands the nature of the Agreement and its legal implications;

(e)     Each represents that this Agreement is fairly made and freely entered into.

5.     **Court Approval**.  The Agreement is subject to Bankruptcy Court Approval.  The Trustee shall submit this Agreement to the Bankruptcy Court immediately upon execution by the parties.  "Bankruptcy Court Approval" as used in this Agreement shall mean the entry by the Bankruptcy Court of a final order (referred to herein as the "Approval Order") approving all the terms of this Agreement, and authorizing the Trustee to act in accordance with its terms.

In the event the Bankruptcy Court declines to approve this entire Agreement, such disapproval shall terminate the Agreement and the parties shall retain each of their rights as existed prior to the execution of this Agreement.  In the event that the Bankruptcy Court alters this Agreement, the parties may elect (i) to proceed with this Agreement, as modified, or (ii) terminate this Agreement and retain each of their rights that existed prior to the execution of this Agreement.

6.     **Release.**  The above-mentioned release of Defendants by the Trustee  and the Estate is a general release and  except for the obligations  contained herein, shall include without limitation  all  obligations,  promises,  covenants,  agreements,  contracts,  endorsements, controversies, suits, actions, causes of action, rights of action, trespasses, variances, judgments, executions, damages, claims, demands, rights, charges, encumbrances or liens of any kind or sort whatsoever or howsoever or whenever arising, in law or in equity, whether known or unknown, whether liquidated or unliquidated, and whether in tort or in contract. This release by the Trustee shall also apply to Defendant's, past, present and future officers, directors, managers, members stockholders,  agents,  servants,  representatives,  employees,  subsidiaries,  affiliates,  partners,

5

predecessors and successors in interest, heirs and assigns and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated (the "Released Parties").  The Released Parties hereby release the Trustee to the same degree and scope.  Any party to this Agreement may obtain a separate, executed document memorializing such release upon request to a releasing party, but no such separate document is required for the release to be effective.

       7.    **Notice.**  Any notice to be given regarding this Agreement shall be deemed given, if in writing, when (i) delivered in person, or (ii) posted by first-class mail, certified, return receipt requested, as follows:

|  |  |
|---|---|
| <u>The Trustee:</u> | c/o Leslie Gern Cloyd, Esq. |
|  | Attorney for Trustee |
|  | Berger Singerman LLP |
|  | 350 Las Olas Boulevard |
|  | Suite 1000 |
|  | Fort Lauderdale, Florida 33301 |
|  |  |
| <u>Defendants:</u> | c/o Alan Gold, Esq. |
|  | Attorney for Defendants |
|  | Alan C. Gold, P.A. |
|  | 1501 Sunset Drive, 2nd Floor |
|  | Coral Gables, FL 33143 |

Notice may be addressed to any party at any other address that such party may hereafter designate by written notice to the other parties.

       8.    **Attorneys' Fees.**  Each party shall bear its own fees and costs.  However, it is agreed that in the event of any breach of, or non-compliance with this Agreement resulting in such judicial proceeding, the prevailing party, in addition to any other relief awarded, shall be entitled to recover from the breaching party the prevailing party's reasonable attorneys' fees and costs incurred as a result of a breach of this Agreement.

4979478-3

9.      **Non-Admission of Liability.**    Neither this Agreement nor anything contained herein shall constitute or is intended to be construed as an admission by any of the parties hereto of any liability, wrongdoing or unlawful conduct.   The parties acknowledge that this Agreement has been entered into by them to avoid the cost and expense associated with the resolution of disputed matters and agree that nothing contained herein constitutes or may be argued by any party to be an admission of liability or wrongdoing by any party hereto.

10.      **Governing Law.**    This Agreement represents the complete agreement between the Parties, supersedes all prior or contemporaneous agreements, representations or negotiations, if any, concerning the subject matter hereof and may not be modified, except by a writing signed by all parties hereto.    This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their respective legal representatives, predecessors, successors, affiliates, and assigns.    This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Florida.    No delay or failure on the part of any party hereto in the exercise of any right or remedy under this Agreement shall operate as a waiver thereof, and no single or partial waiver of the exercise by any party hereto of any right or remedy shall operate to preclude any further exercise thereof, or the exercise of any other right or remedy.    If any provision of this Agreement shall to any extent be invalid or unenforceable, then such provision shall be deemed to be replaced by a valid and enforceable provision which is substantively most similar to such invalid or unenforceable provision, and the remainder of the Agreement shall not be affected thereby.

11.      **<u>Counterparts</u>.**    The Parties may execute this Agreement in counterparts which shall have the same force and effect as if the Parties had signed the same instrument.    Signatures transmitted by facsimile or email shall have the same effect as original signatures.

7

4979478-3

12. **Retention of Jurisdiction.** Any claim or litigation arising from or in connection with this Agreement or the order approving it shall be exclusively maintained in the Bankruptcy Court, and the order approving this Agreement shall expressly provide that the Bankruptcy Court shall retain jurisdiction to enforce such order, as well as the terms of this Agreement. This Agreement is subject to approval by the Bankruptcy Court.

13. **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties and was entered into voluntarily after consultation with their respective counsel.

SO AGREED and STIPULATED on this ___12th___ day of June, 2013.

BERGER SINGERMAN LLP
*Counsel for the Trustee*
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Tel. (954) 525-9900
Fax (954) 523-2872

By: _/s/  Leslie Gern Cloyd_
    Leslie Gern Cloyd
    Florida Bar No. 303305
    lcloyd@bergersingerman.com

Leslie S. Osborne, Chapter 7 Trustee for the Estates of Soca Imaging, Inc. and Navix Imaging, Inc.

ALAN C. GOLD, P.A.
*Counsel for Defendants*
1501 Sunset Drive, 2nd Floor
Coral Gables, FL 33143
Tel. (305) 667-0475
Fax (305) 663-0799

By: _/s/   Alan C. Gold_
    Alan C. Gold
    Florida Bar No.
    agold@acgoldlaw.com

Miles Gilman

Soca Services, Inc.

Soca Properties, LLC

4979478-3

**EXHIBIT "B"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

SOCA IMAGING, INC.,
NAVIX IMAGING, INC.

      Debtor.

_____/

Case No. 10-11265-BKC-JKO
Chapter 7 Cases
(Jointly Administered)

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE AGREEMENT TO
COMPROMISE CONTROVERSY BETWEEN (I) TRUSTEE; (II) MILES GILMAN;
(III) SOCA SERVICES, INC.; AND (IV) SOCA PROPERTIES, LLC**

**THIS CASE** having come before the Court upon the *Trustee's Motion to Approve
Agreement to Compromise Controversy Between (I) Trustee; (II) Miles Gilman; (III) Soca
Services, Inc.; and (IV) Soca Properties, LLC* (the "Motion") [ECF # _____]. The Court, having
considered the Motion, Court file and the *Agreement to Compromise Controversy* attached to the
Motion as Exhibit "A," and having noted that no objections to or requests for hearing on the
Motion have been filed as evidenced by the *Certificate of No Response or Settlement and*

5026361-2

*Request for Entry of Order*, finding good cause for the granting thereof, and being otherwise fully advised in the premises, does thereupon

      1.      The Motion is **GRANTED**.

      2.      The Agreement[1] is **APPROVED** in its entirety.

      3.      In consideration for the Trustee's release and the Estates' release of any and all claims that they may have against the Defendants, including, but not limited to any claims that have been alleged or that could be alleged in the Adversary Proceeding, and including, but not limited to any and all potential preference claims or fraudulent conveyance claims, the Defendants shall pay to the Trustee the sum of Two Hundred Ninety Thousand Dollars ($290,000.00) (the "Settlement Payment"), which sum shall be paid as follows:

      a.      Initial payment of $45,000.00 (the "Initial Payment") to be paid by the Defendants to the Trustee, upon the earlier of twenty (20) days from the execution of the Agreement, or within five (5) days from the entry of this Order.   The Initial Payment shall be made payable to Markowitz Ringel Trusty & Hartog Trust Account, delivered to settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall be held in the escrow account of Markowitz Ringel Trusty & Hartog until the entry of this Order, whereupon it shall be delivered to the Trustee;

      b.      The balance of $245,000.00 (the "Remaining Payments") shall be paid in six (6) monthly increments commencing July 1, 2013, with the July 1, 2013 increment at $45,000.00 and the remaining five (5) increments being at $40,000.00 each, beginning on August 1, 2013, and continuing each month thereafter on the 1st day of the month until all amounts are paid in full;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

5026361-2

c.      Until the entry of this Order, each of the Remaining Payments shall be made payable to Markowitz Ringel Trusty & Hartog Trust Account, delivered to settlement counsel, Jerry Markowitz Esq., Markowitz Ringel Trusty & Hartog, Two Datran Center, Suite 1800, 9130 South Dadeland Boulevard, Miami, FL 33156-7858, and shall be held in the escrow account of Markowitz Ringel Trusty & Hartog, whereupon, upon the entry of this Order, they shall be delivered to the Trustee;

d.      Upon the entry of this Order, the Remaining Payments shall be made payable to Leslie S. Osborne, Trustee in Bankruptcy for Soca Imaging, Inc. and Soca Properties, LLC, and forwarded to him, c/o Rappaport, Osborne & Rappaport, PL, 1300 N. Federal Highway, Boca Raton, FL 33432;

e.      Should the Defendants default on timely making the Initial Payment or any of the Remaining Payments, the Trustee shall be entitled to a judgment of $1,350,000.00, less any payments made pursuant to the Agreement as against all Defendants.  Prior to the Trustee being entitled to a judgment against all Defendants, the Trustee shall give all Defendants written notice and a fifteen-day opportunity to cure.  In the event the Trustee gives notice of default pursuant to the Agreement, the Defendants shall pay the Trustee the sum of $500.00 in addition to the payment(s) due within the cure period, or the Trustee will be entitled to the aforementioned judgment;

f.      Miles Gilman, Soca Services, Inc. and Soca Properties, LLC, and any affiliates, waive any and all claims each may have against the Estate, and shall not be entitled to any distribution on account of any scheduled or filed claims;

g.      Within ten (10) days from receipt of the Settlement Payment from the Defendants, in good and cleared funds, the Trustee shall file a stipulation of dismissal with the

3

Court, thereby dismissing the Defendants, with prejudice, from the Adversary Proceeding, subject to the compliance with the terms of the Agreement;

    4.    The Parties are authorized to execute all documents and take all actions necessary to effectuate the settlement.

    5.    The Court retains jurisdiction to enforce the terms of the settlement between the Parties, and the Parties are directed to comply with the terms thereof.

# # #

Submitted by:
Leslie Gern Cloyd, Esq.
Berger Singerman LLP
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
E-mail:  lcloyd@bergersingerman.com

Copy furnished to:
Leslie Gern Cloyd, Esq.
*(Attorney Cloyd is directed to serve a conformed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

4